UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                                                              Case No. 3:15cv563/MCR/CJK

U.S. ATTORNEY'S SECURITY, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint. (Doc. 1). Plaintiff alleges that security guards at the U.S. Attorney's Office "would not allow [plaintiff] to access the state attorney's office to file paperwork after walking with a bad injury."[*] (*Id.*, p. 3). Because plaintiff does not have the right to enter a state or federal prosecutor's office, her complaint fails to state a viable claim for relief and should be dismissed. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Furthermore, plaintiff is precluded from recovering the relief she has requested. Plaintiff seeks "$200,000 for breach of public trust" and requests

---

[*] Plaintiff's complaint contains a number of allegations that have no connection to the individuals identified in the "Defendants" section of the complaint form.

that "these guards [be] reprimanded and studied for obstructing justice." (*Id.*, p. 4). Plaintiff cannot recover damages "for breach of public trust" under federal law and the court cannot order the investigation or prosecution of an individual. *See Otero v. U.S. Attorney Gen.*, 832 F.2d 141 (11th Cir. 1987) (a private citizen has no judicially cognizable interest in the criminal prosecution of another) (*citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *see also Nicholas v. Heffner*, 228 F. App'x. 139, 141 (3rd Cir. 2007) ("The District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment.").

Of note, plaintiff has an extensive history of filing meritless lawsuits in federal court. Since March 10, 2015, plaintiff has filed sixteen complaints. Seven of the sixteen complaints have been dismissed before service, including five in the Northern District of Florida. *See Brewer v. U.S. Marshals Courthouse Security*, Case No. 3:15cv497/MCR/EMT (federal claims dismissed with prejudice as frivolous and for lack of jurisdiction; state law claims dismissed without prejudice); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv489/MCR/EMT (federal claims dismissed with

prejudice as frivolous and state law claims dismissed without prejudice); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv469/MCR/CJK (case dismissed without prejudice for plaintiff's failure to state a claim upon which relief can be granted); *Brewer v. Willis*, Case No. 3:15cv183/RV/EMT (case dismissed without prejudice for plaintiff's failure to comply with an order of the court); *Brewer v. Nelson*, Case No. 3:15cv145/MCR/EMT (federal claims dismissed with prejudice for failure to state a claim upon which relief can be granted and state law claims dismissed without prejudice). Two other complaints were dismissed before service in the Northern District of Oklahoma. *See Brewer v. Weaver*, 4:15cv139/CVE/TLW (N.D. Okla. Apr. 10, 2015) (dismissing complaint after finding plaintiff failed to allege a colorable federal claim and her state law claims were precluded by Oklahoma law and the doctrine of standing); *Brewer v. Gore*, 4:15cv140/GKF/PJC (N.D. Okla. Mar. 27, 2015) (dismissing complaint for failure to state a claim upon which relief can be granted and for seeking monetary relief against defendants who are immune from such relief).

In addition to the present case, eight other actions remain pending with this court. *See Brewer v. City of Gulf Breeze*, Case No. 3:15cv573/RV/CJK, *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv567/MCR/CJK; *Brewer v. Area Housing*

Page 4 of 5

*Comm'n*, Case No. 3:15cv500/MCR/EMT; *Brewer v. City of Pensacola*, Case No. 3:15cv484/MCR/EMT; *Brewer v. Bodenhausen*, 3:15cv154/RV/EMT; *Brewer v. Morgan*, 3:15cv132/RV/EMT; *Brewer v. Meadows*, Case No. 3:15cv95/RV/EMT; *Brewer v. Escambia Cty. Sheriff's Dep't*, Case No. 3:15cv89/MCR/CJK.  Although these cases have not been resolved, many contain allegations similar to those of the dismissed cases and thus are of doubtful merit.  Plaintiff's habit of filing meritless lawsuits disrupts the court's docket and hinders its ability to process meritorious claims filed by other litigants.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of December, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:15cv563/MCR/CJK